UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL ARDEN JONES,<br><br>                              Petitioner,<br><br>        -against-<br><br>THE WARDEN OF OBCC,<br><br>                              Respondent. | 23-CV-8295 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained at the Otis Bantum Correctional Center ("OBCC"), brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his ongoing proceedings, under indictment number 70616-21, pending in the Bronx Supreme Criminal Court. For the reasons set forth in this order, the Court denies the petition.[1]

## STANDARD OF REVIEW

The court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

---

[1] Petitioner submitted an application to proceed *in forma pauperis* ("IFP"), which indicates that he is entitled to proceed IFP, but he did not sign the application. (ECF 2.) Because the Court denies the petition, the Court assumes for the purposes of this order that IFP has been granted. No useful purpose would be served by directing Petitioner to sign the IFP, grant IFP, and then deny the petition.

quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this *habeas corpus* action under Section 2241, challenging his arrest and detention at the OBCC. He states that "[o]n November 4th, 2021 I was given an indictment with the number of 70616-21 unsigned by Grand Jury Foreman, no Clerk Certification jurisdictionally defective April 28th, 2023." (ECF 1 ¶ 6.) Petitioner states that he challenged the validity of the indictment in Bronx Supreme Court, filed a grievance in the Appellate Division, regarding his assigned counsel, and filed a complaint with the New York State Commission on Judicial Conduct, presumably regarding his Bronx County judge. (*See id.* ¶¶ 7-9.)

According to records maintained by the New York City Department of Correction and the New York State Unified Court System, Petitioner was arrested on September 14, 2021. He was charged with criminal mischief in the third degree (No. CR-13907-21BX) and attempted murder in the second degree (Indictment No. 70616-21; Case No. CR-013906-21BX), and he is currently detained on those pending charges.

On the same day that Petitioner filed this action, the Court received Petitioner's two other *habeas corpus* petitions challenging his custody. *Jones v. McCormack*, ECF 1:23-CV-8296, 1 (S.D.N.Y.) ("*Jones I*"); *Jones v. United States*, ECF 1:23-CV-8313, 1 (S.D.N.Y.). In *Jones I*, the Court ordered Petitioner to show cause why an order should not be issued barring him from filing any future *habeas corpus* petitions *in forma pauperis*, challenging his ongoing criminal proceedings, arising from a September 14, 2021 arrest, in this court without prior permission.

## DISCUSSION

**A.  Ongoing Proceedings**

Because the relief that Petitioner seeks would require the Court to intervene in his pending state-court proceedings, the Court must deny the petition. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). Federal courts generally abstain from intervening in state criminal proceedings "'under the principle known as comity [because] a federal district court has no power to intervene in the internal procedures of the state courts.'" *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir. 1973)).

Petitioner, who has been detained since his September 14, 2021 arrest, does not allege any facts suggesting bad faith, harassment, or irreparable injury. Rather, he simply disagrees with the trial court's decisions in his criminal proceedings. The Court therefore finds no proper basis for intervention in Petitioner's ongoing criminal proceedings.

**B.  Relief Under Section 2241 and Exhaustion of Administrative Remedies**

Some district courts have held that a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[2] *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29,

---

[2] Where a pretrial detainee challenges his custody in a *habeas corpus* petition brought under § 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding. *See, e.g.*, *Jordan v. Bailey*, 570 Fed. App'x at 44 (applying *Younger*, but noting that "the length of pretrial incarceration [52 months] is highly troubling and, on its face, raises substantial questions").

2012) (collecting cases). But before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* This petition does not suggest that Petitioner has exhausted his administrative remedies. Thus, even if Petitioner could show bad faith, harassment, or irreparable injury, he first must exhaust his state-court remedies before seeking federal *habeas corpus* relief.

C.   **Leave to Amend Denied**

District courts generally grant a *pro se* petitioner an opportunity to amend a pleading to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his petition.

## CONCLUSION

This petition, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is denied as barred by the *Younger* abstention doctrine. Because Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge